# EXHIBIT "1"

# SETTLEMENT AGREEMENT AND RELEASE

*Danell Behrens v. Landmark Credit Union,*

**United States District Court, Western District of Wisconsin**

**Case No. 3:17-cv-00101**

## PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among plaintiff Danell Behrens ("Named Plaintiff") and all those on whose behalf she is prosecuting this action (each of them a "Plaintiff" and all of them "Plaintiffs"), on the one hand, and defendant Landmark Credit Union ("Defendant"), on the other hand, as of the date executed below. All references in this Agreement to a "party" or the "parties" shall refer to a party or the parties to this Agreement.

## RECITALS

A. On February 9, 2017, Named Plaintiff filed a putative class action complaint entitled *Behrens v. Landmark Credit Union,* in the United States District Court for the Western District of Wisconsin, Case No. 3:17-cv-00101, alleging causes of action for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Unjust Enrichment/Restitution, Money Had and Received, and Violation of the Electronic Fund Transfer Act (Regulation E) 12 C.F.R. § 1005 *et seq.* (the "Complaint").

B. On April 3, 2017, Defendant filed a motion to partially dismiss the Complaint on the grounds that the Electronic Funds Transfers Act claim is allegedly barred by the statute of limitations.

C. On April 19, 2017, the Court granted an extension on the briefing dates for Defendant's Partial Motion to Dismiss so that the parties could engage in mediation.

D. On May 2, 2017, the parties participated in a mediation before the Hon. Edward A. Infante (Ret). While the parties did not immediately reach a settlement, they continued to negotiate until they came to an agreement to settle the claims alleged in the Complaint on the terms set forth in this Agreement.

E. Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the Complaint. Defendant nevertheless believes that this settlement is in its best interest and in the best interests of all of its members. Nothing contained in this Agreement shall be used or construed as an admission of liability and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

F. Plaintiffs have entered into this Agreement to liquidate and recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Plaintiffs do not in any way concede the claims alleged in the Complaint lack merit or are subject to any defenses.

1

## AGREEMENT

NOW, **THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the parties agree as follows:

1.   **DEFINITIONS.**   In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

(a)   "Bar Date To Object" will be the date set by the Court as the deadline for Class Members to file an Objection, and shall be approximately fifteen (15) days after the filing of the Motion for Final Approval.

(b)   "Bar Date To Opt Out" shall be the date set by the Court as the deadline for Class Members to opt out.  The Bar Date shall be thirty (30) days after the date the Notice (defined below) must be delivered to the Class Members.

(c)   "Claim Form" shall mean the form sent to Class Members along with the Notice (defined below) for purposes of submitting claims in the form attached as Exhibit 1.

(d)   "Claims Administrator" shall mean the entity that will provide the notice and other administrative handling in this Settlement Agreement.  Class Counsel shall request bids of at least two separate claims administrators and the one providing the lowest bid shall be selected.

(e)   "Class Counsel" shall mean Richard D. McCune of McCune Wright Arevalo, LLP and Taras Kick of The Kick Law Firm, APC.

(f)   "Class Member" shall mean any member of Landmark who is in either the Regulation E Class or the Sufficient Funds Class.

(g)   "Court" shall mean the United States District Court for the Western District of Wisconsin.

(h)   "Defendant's Counsel" shall mean Stuart M. Richter and Andrew J. Demko of Katten Muchin Rosenman LLP.

(i)   "Eligible Overdraft Fee" shall mean "Regulation E Overdraft Charges" and "Sufficient Funds Overdraft Charges" that were not reversed within 30 days after they were assessed.

(j)   "Effective Date" shall be thirty (30) days after the entry of the Final Approval Order (defined below) provided no objections are made to this Agreement.  If there are objections to the Agreement, then the Effective Date shall be the later of:  (1) Ninety (90) days after entry of the Final Approval Order, if no appeals are taken from the Final Approval Order; or (2) if appeals are taken from the Final Approval Order, then thirty (30) days after an Appellate Court ruling affirming the Final Approval Order; or (3) Thirty (30) days after entry of a dismissal of the appeal.

2

(k)     "Exclusion Letter" shall mean a letter by a Class Member who elects to opt out of this Agreement.

(l)     "Final Approval Hearing Date" shall be the date set by the Court for the hearing on any and all motions for final approval of this Agreement.

(m)     "Final Approval Order" shall mean the Order and Judgment approving this Agreement issued by the Court at or after the Final Approval Hearing Date.

(n)     "Final Report" shall mean the report prepared by the Claims Administrator of all receipts and disbursements from the Settlement Fund, as described in Section 9, below.

(o)     "Motion For Final Approval" shall mean the motion or motions filed by Class Counsel, as referenced in Section 6 below.

(p)     "Net Settlement Fund" shall mean the net amount of the Settlement Fund after payment of court approved attorneys' fees and costs, any court approved service award and the costs of Notice and any fees paid to the Claims Administrator.

(q)     "Notice" shall mean the notice to Class Members of the settlement provided for under the terms of this Agreement, as ordered by the Court in its Preliminary Approval/Notice Order (defined below), and shall refer to the form of Notice attached hereto as Exhibit 1.

(r)     "Overdraft Fee" shall mean a fee assessed against a member's account when that account does not have sufficient funds at the time a transaction is presented for payment. It includes fees assessed under the terms of Defendant's discretionary Courtesy Pay program for ACH and check payments as well as debit card payments and ATM withdrawals for members who have opted in to overdraft protection under Regulation E. It also includes fees assessed for any debit card transaction presented for payment against insufficient funds that Defendant has authorized even if the member incurring the fee is not a participant in Defendant's Courtesy Pay program but has nevertheless opted into overdraft protection under Regulation E. Overdraft Fees do not include fees imposed under the terms of Defendant's Overdraft Protection Program for transfers of funds from savings or other deposit or loan accounts.

(s)     "Preliminary Approval/Notice Order" shall mean the Order issued by the Court preliminarily approving this Agreement and authorizing the sending of the Notice to Class Members, as provided in Sections 4 and 5 below.

(t)     "Regulation E Class" shall mean those members of Defendant who were assessed an Overdraft Fee for an ATM or non-recurring debit card payment transaction for the first time between February 9, 2016 and February 28, 2017.

(u)     "Regulation E Overdraft Charges" shall mean Overdraft Fees that were assessed against any member of the Regulation E Class that were assessed for the first time between February 9, 2016 and February 28, 2017 on any nonrecurring or one-time debit card or ATM payment transaction.

3

(v)   "Settlement Fund" shall mean the nine hundred and fifty thousand dollars ($950,000.00) to be paid by Defendant under the terms of this Agreement.

(w)   "Sufficient Funds Class" shall mean those members of Defendant who were assessed an Overdraft Fee between February 9, 2011 and February 28, 2017 on any type of payment transaction and at the time such fee was assessed, the member had sufficient money in his or her ledger balance to cover the transaction that resulted in the fee.

(x)   "Sufficient Funds Overdraft Charges" shall mean Overdraft Fees that were assessed against any member of the Sufficient Funds Class between February 9, 2011 and February 28, 2017 on any payment transaction when there was enough money in the member's ledger balance to cover the transaction in question.

2.   **CHANGE IN HOW DEFENDANT WILL ASSESS OVERDRAFT FEES.** Defendant currently assesses Overdraft Fees based on the available balance in a member's account at the time a transaction is presented to Defendant for payment. Within ninety (90) days after the Effective Date or within thirty (30) days after Defendant's core processing system vendor is able to comply with this Section 2 to Defendant's satisfaction, whichever is later, Defendant shall change the way it assesses Overdraft Fees as follows: (a) Defendant shall make "pay/no pay" or "authorization" decisions based on a member's available balance plus the member's overdraft tolerance per Defendant's discretionary standard overdraft policy; and (b) Overdraft Fees shall be assessed based on a member's ledger or actual balance at the time a transaction is presented to Defendant for payment. Defendant shall continue to assess Overdraft Fees in this manner for a period of at least three (3) years after the change from available to ledger balance is made. Defendant also shall modify its member disclosures regarding overdrafts to reflect this practice, including a description of the balances in member accounts, how Overdraft Fees are assessed and how payment transactions are processed. Based on Overdraft Fees assessed in the prior three years, Class Counsel estimates that the processing system changes required pursuant to this Section 2 will result in a reduction in Overdraft Fees charged to Class Members of approximately 10.1% per year.

3.   **CLASS ACTION SETTLEMENT.** Plaintiff shall propose and recommend to the Court that a settlement class be certified, which class shall be comprised of the Class Members. Defendant agrees solely for purposes of the settlement provided for in this Agreement, and the implementation of such settlement, that this case shall proceed as a class action; provided, however, that if a Final Approval Order is not issued, then Defendant shall retain all rights to object to maintaining this case as a class action. Plaintiff and Class Counsel shall not reference this Agreement in support of any subsequent motion relating to certification of a liability class.

4.   **PRELIMINARY SETTLEMENT APPROVAL.** Within two weeks of all parties signing this Agreement, Class Counsel shall use reasonable efforts to file a motion seeking a Preliminary Approval/Notice Order. The Preliminary Approval/Notice Order shall provide for: preliminary approval of this Agreement, provisional certification of a class for settlement purposes, appointment of Class Counsel as counsel to the provisionally certified class, and the requirement that the Notice be given to the Class Members as provided in Section 5, below (or as otherwise determined by the Court).

4

5.   **NOTICE TO THE CLASS.**

(a)   The Claims Administrator shall send the Notice to all Class Members as specified by the Court in the Preliminary Approval/Notice Order.

(b)   For those Class Members who are current members of Defendant and have agreed to receive notices regarding their accounts from Defendant by email, Defendant shall provide the Claims Administrator with the most recent email addresses it has for the Class Members. The Claims Administrator shall email the Notice to each such Class Member's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Claims Administrator shall use the best available databases to obtain current email address information for class members, update its database with these emails, and resend the Notice.

(c)   For those Class Members who are not current members of Defendant or who have not agreed to receive notices regarding their accounts from Defendant by email, the Notice shall be mailed to these Class Members by first class United States mail to the best available mailing addresses. Defendant shall provide the Claims Administrator with last known mailing addresses for these Class Members. The Claims Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Notice is returned with forwarding address information, the Claims Administrator shall re-mail the Notice to the forwarding address. For all mailed Notices that are returned as undeliverable, the Claims Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Claims Administrator shall re-mail the Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

(d)   The Notice shall also be posted on a settlement website created by the Claims Administrator.

(e)   The Claims Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. A summary report of the Notice shall be provided to the Parties at least five (5) days prior to the deadline to file the Motion for Final Approval. The database maintained by the Claims Administrator regarding the Notice shall be available to the parties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party

(f)   The Notice shall be in a form approved by the Court and, substantially similar to the notice form attached hereto as Exhibit 1. The parties may by mutual written consent make non-substantive changes to the Notice without Court approval.

(g)   All costs associated with publishing, mailing and administering the Notice as provided for in this Section, and all costs of administration, including but not limited to the Claims Administrator's fees and costs shall be paid out of the Settlement Fund.

6.   **MOTION FOR FINAL APPROVAL.** Within a reasonable time after the Bar Date to Opt Out, and provided the conditions in Section 16, below are satisfied, Class Counsel

shall file a Motion for Final Approval of this Agreement so that same can be heard on the Final Approval Hearing Date.

7. **ENTRY OF JUDGMENT**. The Final Approval Order shall constitute the Court's final judgment in this action. The Court shall retain jurisdiction to enforce the terms of the Final Approval Order.

8. **THE SETTLEMENT FUND AND DISTRIBUTION.**

    (a) <u>Payments to Class Members</u>. Within ten (10) days after the entry of the Final Approval Order, Defendant shall transfer the Settlement Fund to the Claims Administrator, less the total amount that will be credited to Class Members by Defendant, as provided in subsection 8(d)(iv)d., below. The Settlement Fund shall be the total amount Defendant is obligated to pay under the terms of this Agreement and includes (a) Class Counsels' fees and costs; (b) any service award payment to the Named Plaintiff; (c) costs associated with administering the Notice in accordance with Section 5, above; and (d) any fees paid to the Claims Administrator for services rendered in connection with the administration process. Defendant shall not make any additional or further contributions to the Settlement Fund, even if the total amount of all alleged improper fees charged to the Class Members exceeds the value of the Net Settlement Fund. In the event a Final Approval Order is not issued, or this Agreement is terminated by either party for any reason, including pursuant to Section 16, below, the portion of the Settlement Fund paid to the Claims Administrator (including accrued interest, if any) less expenses actually incurred by the Claims Administrator or due and owing to the Claims Administrator in connection with the settlement provided for herein, shall be refunded to Defendant within two (2) business days.

    (b) All funds held by the Claims Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

    (c) All funds held by the Claims Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

    (d) Payments shall be made from the Settlement Fund as follows:

        (i) <u>Plaintiff's Fees and Costs</u>. Plaintiff's reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund ten (10) days after entry of the Final Approval Order. Class Counsel shall apply for an award of attorneys' fees of up to one-third (33-1/3%) of the value of this settlement to the Class Members (for purposes of this fee application the value of this settlement is the Settlement Fund plus one year of the value of savings from the change in practices described in Paragraph 2 of this Agreement and the amount of waived Overdraft Fees described in Paragraph 9 of this Agreement), plus reimbursement of reasonable litigation costs, to be approved by the court. Defendant agrees not to oppose an application up to twenty five percent (25%) of the value of the settlement but reserves the right to oppose an application for fees in excess of that amount. Should the judgment approving the

settlement be reversed on appeal, Class Counsel shall immediately repay all fees and costs to Defendant; should the award of fees and costs be reduced on appeal, Class Counsel shall immediately repay into the Settlement Fund an amount equal to the reduction ordered by the appellate court.

(ii)    <u>Service Award</u>.   Named Plaintiff may apply to the Court for a service award of up to ten thousand dollars ($10,000).  Subject to the Court's approval, the service award shall be paid from the Settlement Fund ten (10) days after the Effective Date.

(iii)   <u>Claims Administrator's Fees</u>.   The Claims Administrator's fees and costs, including estimated fees and costs to fully implement the terms of this Agreement, as approved by the Court, shall be paid within ten (10) days after the Effective Date.

(iv).   <u>Payments to Class Members</u>.   The amount paid to each Class Member shall be calculated as follows:

a. The Net Settlement Fund shall be divided into two equal halves. One half of the Net Settlement Fund shall be made available to members of the Regulation E Class who incurred Regulation E Overdraft Charges that were not reversed within 30 days after they were assessed ("Eligible Regulation E Overdraft Charges"). Regulation E Class Members who were assessed Eligible Regulation E Overdraft Charges shall be entitled to make a claim for a refund of up to ten (10) such fees  Those Class Members who have been assessed Eligible Regulation E Overdraft Charges shall be provided a Claim Form with the Notice. The Claim Form shall indicate the number and amount of Eligible Regulation E Overdraft Charges assessed against each such member's accounts.  Class Members who were not assessed Eligible Regulation E Overdraft Charges shall not receive a Claim Form.  To the extent the half of the Net Settlement Fund allocated to pay Eligible Regulation E Overdraft Charges is not sufficient to make full payment for all such charges, it shall be distributed on a *pro rata* basis.  If the total amount of Eligible Regulation E Overdraft Charges claimed is less than one half of the Net Settlement Fund, then the excess shall be added to the other half of the Net Settlement Fund and distributed as set forth in subsection 8(d)(iv)b. below.

b. After completion of the claims process described in subsection 8(d)(iv)a., above, the remaining Net Settlement Fund shall be distributed to members of the Sufficient Funds Class who were assessed Sufficient Funds Overdraft Charges that were not reversed within 30 days after they were assessed.  To the extent the portion of the Net Settlement Fund allocated to pay Sufficient Funds Overdraft Charges is not sufficient to make full payment for all such charges, it shall be distributed on a *pro rata* basis.

c. Because members of the Sufficient Funds Class may also be members of the Regulation E Class, there may be circumstances where Sufficient Funds Overdraft Charges will also be Eligible Regulation E Overdraft Charges.  To prevent Class Members from recovering the full amount of or more than the fees they paid, Class

7

Members shall not be entitled to recover in total more than seventy (70%) of the actual amount of any Eligible Regulation E Overdraft Charge. Thus, if a Class Member was charged $30 for an Eligible Regulation E Overdraft Charge that is also a Sufficient Funds Overdraft Charge, then that member shall only be entitled to recover at most $21 (70% of $30) for that fee.

d. Payments to individual class members ("Individual Payments") shall be made no later than ten (10) days after the Effective Date, as follows:

(1)     For those Class Members who are members of Defendant at the time of the distribution of the Net Settlement Fund, their checking accounts shall be credited in the amount of the Individual Payment they are entitled to receive. If they do not have a checking account, but maintain another account at Defendant, then that account shall be credited.

(2)     For those Class Members who are not members of Defendant at the time of the distribution of the Net Settlement Fund, they shall be sent a check by the Claims Administrator at the address used to provide the Notice, or at such other address as designated by the Class Member. The Class Member shall have one-hundred eighty (180) days to negotiate the check. Any checks uncashed after one-hundred eighty (180) days shall be distributed pursuant to Section 12.

(v)     In no event shall any portion of the Settlement Fund revert to Defendant.

9.     **FORGIVENESS OF CHARGED OFF OVERDRAFT FEES**. Upon the occurrence of the Effective Date, Defendant also shall forgive and release any claims it may have to collect any Sufficient Funds Overdraft Charges and Regulation E Overdraft Charges that have been assessed against Class Members but not collected by Defendant. The total amount of such charges is approximately eighty-eight thousand and eighty-two dollars ($88,082.00).

10.     **FINAL REPORT TO THE COURT**. Within two hundred (200) days after the Effective Date, Class Counsel shall submit to the Court a Final Report, setting forth: (a) the amounts paid to Class Members by the Claims Administrator, (b) Any checks not cashed or returned; (c) the efforts undertaken to follow up on uncashed and/or returned checks; (d) the total amount of money unpaid to Class Members; and (e) the total amount of credits issued to Class Members by Defendant. Defendant shall provide a declaration under penalty of perjury setting forth the amount of the credits issued to Class Members. Class Counsel shall be entitled to verify credits by confidential review of Class Member account statements.

11.   **THE CLAIMS ADMINISTRATOR.**

(a)      The Claims Administrator shall execute a retainer agreement that shall provide, among other things, that the Claims Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement.

(b)      The Claims Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c)      The Claims Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein. All data created and/or obtained and maintained by the Claims Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendants Counsel, or either of them, at their own cost, shall receive a complete digital copy of the Claims Administrator's records, together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies.

(d)      The Claims Administrator also shall be responsible for timely and properly filing all tax returns necessary or advisable, if any, with respect to the Settlement Fund. Defendant shall be required to report amounts credited to members pursuant to subsection 8(d)(iv)d.1. on each member's annual statement. Except as provided herein, Class Members shall be responsible for their own tax reporting of payments or credits received under the terms of this Agreement.

(e)      The Claims Administrator shall provide the data in its claims administration database to Defendant's Counsel and/or Class Counsel in response to any written request, including an email request. The written request shall be copied to the other party when made.

(f)      Within one hundred-ninety (190) days after the Effective Date, the Claims Administrator shall prepare a declaration setting forth the total payments issued to Class Members by the Claims Administrator, the total amount of any checks uncashed and/or returned, and the total amount of money being held by the Claims Administrator.

12.   **CY PRES PAYMENT.** Thirty (30) days after the Final Report, the total amount of uncashed checks, and amounts held by the Claims Administrator at the time of the Final Report, shall be paid by the Claims Administrator 50% to Public Citizen, subject to Court approval, and 50% to a non-profit, public benefit corporation nominated by Class Counsel and approved by the Court that works in the Milwaukee area.

13.   **OPT-OUTS.**

(a)      A Class Member who wishes to exclude himself or herself from this Agreement, and from the release of claims and defenses provided for under the terms of this Agreement, shall submit an Exclusion Letter by mail to the Claims Administrator. For an Exclusion Letter to be valid, it must be postmarked on or before the Bar Date to Opt Out. Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Agreement, and shall be signed and dated.

(b)   The Claims Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to Defendant's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval. The Claims Administrator shall retain the originals of all Exclusion Letters (including the envelopes with the postmarks). The Claims Administrator shall make the original Exclusion Letters available to Class Counsel, Defendant's Counsel and/or the Court upon two (2) court days' written notice.

### 14.   OBJECTIONS.

(a)   Any Class Member, other than a Class Member who timely submits an Exclusion Letter, may object to this Agreement.

(b)   To be valid and considered by the Court, the objection must be in writing and sent by first class mail, postage pre-paid, to the Claims Administrator. The objection must be postmarked on or before the Bar Date to Object, and must include the following information:

(i)   The objector's name, address, telephone number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

(ii)   A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and

(iii)   A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address and telephone number.

(c)   Class Counsel shall file any objections and responsive pleadings at least seven (7) days prior to the Final Approval Hearing Date.

15.   **RELEASE**. Except as to the rights and obligations provided for under the terms of this Agreement, Named Plaintiff, on behalf of herself and all of her respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, and agents, and each of the Class Members, including their respective past, present and future predecessors, successors, assigns, devisees, relatives, heirs, legatees, insurers and agents, hereby release and forever discharge Defendant, and all of its past, present and future predecessors, successors, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys and agents (collectively, the "Defendant Releasees"), from any and all charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiff and Class Members who do not opt out now have, own or hold against any of the Defendant Releasees that arise out of and/or relate to the facts and claims alleged in the Complaint.

16.   **CONDITIONS TO SETTLEMENT.**

(a)     This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

(i)     The Court has entered the Preliminary Approval/Notice Order, as required by Section 4 above;

(ii)     The Court has entered the Final Approval Order as required by Sections 6 and 7 above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

(iii)     The Effective Date has occurred.

(b)     If all of the conditions specified in Section 16(a) are not met, then this Agreement shall be cancelled and terminated.

(c)     Defendant shall have the option to terminate this Agreement if five (5%) percent or more of the Class Members opt out. Defendant shall notify Class Counsel and the Court of its intent to terminate this Agreement pursuant to this Section 16 within fifteen (15) business days after the Bar Date To Opt Out, or the option to terminate shall be considered waived.

(d)     In the event this Agreement is terminated, pursuant to Section 16(c) immediately above, or fails to become effective in accordance with Sections 16(a) and/or (b) immediately above, then the parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

17.   **REPRESENTATIONS.**

(a)     The parties to this Agreement represent that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences thereof. The parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

(b)     The parties have not relied on any representations, promises or agreements other than those expressly set forth in this Agreement.

(c)     The Named Plaintiff, on behalf of the Class Members, represents that she has made such inquiry into the terms and conditions of this Agreement as she deems appropriate, and that by executing this Agreement, she believes the Agreement and all the terms and conditions set forth herein, are fair and reasonable to all Class Members.

(d)     The Named Plaintiff represents that she has no conflicts or other personal interests that would in any way impact her representation of the class in connection with the execution of this Agreement.

(e)     Defendant represents and warrants that it has obtained all corporate authority necessary to execute this Agreement.

**18.     FURTHER ASSURANCES.**  Each of the parties hereto agrees to execute and deliver all such further documents consistent with this Agreement, and to take all such further actions consistent with this Agreement, as may be required in order to carry the provisions of this Agreement into effect, subject to Class Counsel's obligation to protect the interests of the Class Members.

**19.     APPLICABLE LAW.**  This Agreement shall be governed by and interpreted, construed, and enforced pursuant to the laws of the State of Wisconsin.

**20.     NO ORAL WAIVER OR MODIFICATION.**  No waiver or modification of any provision of this Agreement or of any breach thereof shall constitute a waiver or modification of any other provision or breach, whether or not similar.  Nor shall any actual waiver or modification constitute a continuing waiver.  No waiver or modification shall be binding unless executed in writing by the party making the waiver or modification.

**21.     ENTIRE AGREEMENT.**  This Agreement, including the exhibit attached hereto, constitutes the entire agreement made by and between the parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the parties hereto or their representatives pertaining to the subject matter hereof.  No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

**22.     BINDING ON SUCCESSORS.**  This Agreement shall inure to the benefit of, and shall bind, each of the parties hereto and their successors.

**23.     SEVERABILITY.**  In the event any one or more of the provisions of this Agreement is determined to be invalid, illegal or unenforceable in any respect, the validity, legality and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby.

**24.     COUNTERPARTS AND FACSIMILE SIGNATURES.**  This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement.  Facsimile and pdf signature pages shall have the same force and effect as original signatures.

25.   <u>NOTIFICATION</u>.   Any notice to be given to Class Counsel and/or Named Plaintiff shall be sent by email as follows:

Richard D. McCune
Jae (Eddie) K. Kim
McCune Wright Arevalo LLP
3281 E. Guasti Road, Ste. 100
Ontario, CA 91761
Telephone: (909) 557-1250
rdm@mccunewright.com and jkk@mccunewright.com

- And –

Taras Kick
The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, California 90049
Telephone: (310) 395-2988
Taras@kicklawfirm.com

Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Stuart M. Richter, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East, Suite 2600
Los Angeles, California 90067
Telephone: (310) 788-4400
stuart.richter@kattenlaw.com

Any notice to the Claims Administrator shall be sent by email to the address of the claims administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the parties have entered this Agreement as of the dates set forth below.

Dated: December 20, 2017         LANDMARK CREDIT UNION, a Wisconsin chartered
                                 credit union

                                 By: _____

                                 Its: President & CEO

13

Dated: December __, 2017          DANELL BEHRENS, an individual on behalf of
                                 herself and those she represents


                                 By:_____
                                        Danell Behrens

**APPROVED AS TO FORM:**

Dated: December 21, 2017          KATTEN MUCHIN ROSENMAN LLP
                                 Stuart M. Richter
                                 Andrew J. Demko

                                 By:_____
                                       Stuart M. Richter
                                 Attorneys for Defendant LANDMARK CREDIT UNION


Dated: December ____, 2017        McCUNE WRIGHT ALEVARO LLP
                                 Richard D. McCune
                                 Jae (Eddie) K. Kim

                                 THE KICK LAW FIRM, APC
                                 Taras Kick


                                 By:_____
                                        Richard D. McCune
                                 Attorneys for Plaintiff DANELL BEHRENS

14

Dated: December 27th, 2017

DANELL BEHRENS, an individual on behalf of
herself and those she represents

By: _Danell Behrens_____
     Danell Behrens

**APPROVED AS TO FORM:**

Dated: December ___, 2017

KATTEN MUCHIN ROSENMAN LLP
Stuart M. Richter
Andrew J. Demko

By:_____
     Stuart M. Richter
Attorneys for Defendant LANDMARK CREDIT UNION

Dated: December 21, 2017

McCUNE WRIGHT ALEVARO LLP
Richard D. McCune
Jae (Eddie) K. Kim

THE KICK LAW FIRM, APC
Taras Kick

By:_____
     Richard D. McCune
Attorneys for Plaintiff DANELL BEHRENS

14

# Exhibit 1

Danell Behrens
v.
Landmark Credit Union

## NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT

**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU HAD A CHECKING ACCOUNT WITH LANDMARK CREDIT UNION ("LANDMARK") AND YOU WERE CHARGED AN OVERDRAFT FEE BETWEEN FEBRUARY 9, 2011 AND FEBRUARY 28, 2017, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

The United States District Court for the District of Western Wisconsin has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **MAKE A CLAIM** | You may make a claim for up to ten (10) overdraft fees which were paid by you on a debit card or ATM transaction if there was no refund of the overdraft fee, regardless of the funds in your account. The number of such overdraft fees you may have incurred is shown on the Claim Form attached to this Notice. If you did not receive a Claim Form, then you have no eligible ATM or debit card fees of this type and therefore need not make a claim. As stated in the box below, you may still be entitled to a payment for other Overdraft Fees. If you are eligible to make a claim for ATM and debit card fees, then you should fill out and submit the Claim Form within thirty (30) days after receipt of this notice. |
| **DO NOTHING** | Even if you do not make a claim, if you have incurred an Overdraft Fee on a debit card or ATM transaction, or any check, ACH or other payment transaction while your ledger balance was sufficient to pay for the transaction, you will receive a payment from the Settlement Fund so long as you do not opt out of or exclude yourself from the settlement (described in the next box). However, you may receive more if you receive a Claim Form and make a claim. |

15

| EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Landmark but you will not receive a payment. If you want to recover against Landmark, then you will have to file a separate lawsuit or claim. |
| --- | --- |
| OBJECT TO THE SETTLEMENT | You can file an objection with the Court explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, you <u>will</u> receive a payment and you <u>will not</u> be able to sue Landmark for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – *and the deadlines to exercise them* – along with the material terms of the settlement are explained in this Notice.

## BASIC INFORMATION

| 1. | **What is this lawsuit about?** |
| --- | --- |

The lawsuit that is being settled is entitled *Danell Behrens v. Landmark Credit Union*, United States District Court for the Western District of Wisconsin, Case No. 3:17-cv-00101. The case is a "class action." That means that the "Named Plaintiff," Danell Behrens is an individual who is acting on behalf of two groups. The first is all members of Landmark who were charged an Overdraft Fee for any payment transaction from February 9, 2011 to February 28, 2017, and, at the time such fee was imposed, that person had sufficient funds in the ledger balance but not the available balance in his or her account to complete the transaction. The second group is all members of Landmark who were charged Overdraft Fees for ATM and debit card transaction for the first time from February 9, 2016 to February 28, 2017. The persons in these groups are collectively called the "Class Members."

The Named Plaintiff claims Landmark did not properly opt members into its overdraft program for ATM and debit card payment transactions. Plaintiff also alleges Landmark improperly charged overdraft fees when members had money in the ledger balances but not the available balances of their checking accounts. The Named Plaintiff is seeking a refund of alleged improper Overdraft Fees charged to Class Member accounts. Landmark does not deny it charged Overdraft Fees but contends it did so properly and in accordance with the terms of its agreements and applicable law. Landmark assessed Overdraft Fees based on the available balance in a member's account. Landmark maintains that this practice is proper and was disclosed to its members, and therefore denies that its practices give rise to claims for damages by the Named Plaintiff or any Class Member. Landmark also alleges that it properly gave notice and opted members into its overdraft program for ATM and debit card transactions.

| 2. | Why did I receive this Notice of this lawsuit? |
|---|---|

You received this Notice because Landmark's records indicate that you are in one or both of the groups that was alleged to have been charged improper overdraft fee(s). The Court directed that this Notice be sent to all Class Members because each Class Member has a right to know about the proposed settlement and the options available to him or her before the Court decides whether to approve the settlement.

| 3. | Why did the parties settle? |
|---|---|

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Named Plaintiff's lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, these lawyers, known as Class Counsel, make this recommendation to the Named Plaintiff. The Named Plaintiff has the duty to act in the best interests of the class as a whole and, in this case, it is her belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Class Members for at least the following reasons:

There is legal uncertainty about whether a judge or a jury will find that Landmark was contractually and otherwise legally obligated not to assess Overdraft Fees when the ledger balance was sufficient to pay for a transaction even though the available balance was not, and whether Landmark properly opted members into its overdraft program for ATM and debit card transactions. There is also uncertainty about whether the Named Plaintiff's claims are subject to other defenses that might result in no or less recovery to Class Members. Even if the Named Plaintiff were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement amount and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

While Landmark disputes Plaintiff's claims, it has agreed to settle to avoid the costs, distractions and risks of litigation. Thus, even though Landmark denies that it did anything improper, it believes settlement is in its best interest and in the best interests of all of its members.

## WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am part of the Settlement? |
|---|---|

If you received this notice, then Landmark's records indicate that you are a Class Member who is entitled to receive a payment or credit to your account.

## YOUR OPTIONS

| 5. | What options do I have with respect to the Settlement? |
|---|---|

You have four options: (1) file a claim with the claims administrator on the Claim Form attached to this Notice to recover for the Overdraft Fees you were charged for ATM and debit card transactions as listed on the Claim Form (if you did not receive a Claim Form then you were not assessed any eligible ATM and debit card fees), (2) do nothing and you will receive a payment according to the terms of this settlement for other Overdraft Fees you may have been

charged when your ledger balance was sufficient but your available balance was not sufficient to pay the transaction that resulted in the fee; (3) exclude yourself from the settlement ("opt out" of it); or (4) participate in the settlement but object to it. Each of these options is described in a separate section below.

| 6. | **What are the critical deadlines?** |
|---|---|

The deadline for sending a Claim Form to the Claims Administrator is _____. If you do nothing, you may nonetheless receive settlement funds by credit to your account if you are still a member of Landmark when the settlement is paid or via check mailed to your residence of record if you are not a member of Landmark when the settlement is paid at the close of the claims period but only if you were assessed Overdraft Fees while you had sufficient funds in your account to cover the transaction.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is

_____.

The deadline to file an objection with the Court is also _____.

| 7. | **How do I decide which option to choose?** |
|---|---|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement will not be approved and no payments will be made to you or any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you will still get a payment.

If you want to participate in the settlement, and the Claim Form attached to this Notice indicates you were assessed Overdraft Fees for ATM withdrawals or one-time (non-recurring) debit card signature payments, then you should fill out the Claim Form and return it. See Question 25, below. If you did not receive a Claim Form with this notice, then Landmark's records indicate you were not assessed the type of Overdraft Fees for ATM withdrawals or debit card payments that are reimbursable under the claims portion of the settlement. In that case, you need not do anything and you will still receive a payment for other Overdraft Fees assessed when you had sufficient ledger balance in your account (so long as you do not opt out).

| 8. | **What has to happen for the Settlement to be approved?** |
|---|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide preliminary approval of the settlement, which is why you received this Notice. The Court will make a final decision regarding the settlement at a "Fairness Hearing" or "Final Approval Hearing", which is currently scheduled for

_____.

## THE SETTLEMENT PAYMENT

| 9. | How much is the Settlement? |
|---|---|

Landmark has agreed to create a Settlement Fund of $950,000. As discussed separately below, Attorneys' fees, litigation costs, a Service Award to the Named Plaintiff, and the costs paid to a third party Claims Administrator to administer the settlement (including mailing and emailing this notice) will be paid out of this amount. The balance of the Settlement Fund will be divided among all Class Members based on the amount of Eligible Overdraft Fees they paid, and if eligible to make a claim, whether they make a claim.

Additionally, the settlement also includes an agreement by Landmark to change the way it assesses overdraft fees, such that going forward Landmark will calculate overdrafts based on the ledger balance in an account and not the available balance. Based on overdraft fees from prior years, this is estimated to reduce overdraft fees charged to Class Members by about 10.1% per year. Landmark also has agreed to waive collection of $88,082.00 in overdraft charges it assessed against Class Members but has not yet collected.

| 10. | How much of the settlement fund will be used to pay for attorney fees and costs? |
|---|---|

Class Counsel will request that the Court award up to one-third (33-1/3%) of the value of the settlement as attorneys' fees. The value of the settlement for purposes of this request is limited to the Settlement Fund plus one year of future savings and the waived charges identified in Question 9, above. Class Counsel will also request reimbursement of not more than $_____ in litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees based on a number of factors, including the risk associated with bringing the case, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| 11. | How much of the settlement fund will be used to pay the Named Plaintiff a Service Award |
|---|---|

Class Counsel on behalf of the Named Plaintiff will request that the Court award her $10,000 for her role in securing this settlement on behalf of the class. The Court will decide if a Service Award is appropriate and if so, the amount of the award.

| 12. | How much of the settlement fund will be used to pay the Class Administrator's expenses? |
|---|---|

The Claims Administrator has estimated its total costs at $_____, and agreed to cap them at $_____.

| 13. | How much will my payment be? |
|---|---|

You may make a claim for up to ten of the ATM and debit card overdraft fees listed on the attached Claim Form, which will be paid from one-half of the Net Settlement Fund on a *pro rata* basis. The remaining funds from the Net Settlement Fund will be disbursed to Class Members who were assessed Overdraft Fees for payments made when they had a positive ledger balance in their checking accounts on a *pro rata* basis.

| 14. | Do I have to do anything if I want to participate in the Settlement? |
|---|---|

If you received a Claim Form with this Notice and it indicates you had Overdraft Fees from ATM and debit card transactions, then you should fill out the Claim Form and send it to the Administrator as provided in Question 25, below. If you received this Notice but there is no Claim Form attached, then you will still be entitled to receive a payment, without having to make a claim, for Overdraft Fees assessed when you had a positive ledger balance in your account that was sufficient to pay the transaction that resulted in the fee (so long as you do not opt out). However, if you are eligible to make a claim, then you may receive more if you fill out and submit the Claim Form.

| 15. | When will I receive my payment? |
|---|---|

The Court will hold a Fairness Hearing (explained below in Questions 22-24) on _____ to consider whether the settlement should be approved. If the Court approves the settlement, then the claims administrator should begin processing and paying claims within about 10 days. However, if someone objects to the settlement, and the objection is sustained, then there is no settlement. Even if all objections are overruled and the Court approves the settlement, an objector could appeal and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 16. | How do I exclude myself from the settlement? |
|---|---|

If you do not want to receive a payment, or if you want to keep any right you may have to sue Landmark for the claims alleged in this lawsuit, then you must exclude yourself or "opt out."

To opt out, you must send a letter to the Claims Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Danell Behrens v. Landmark Credit Union* class action." Be sure to include your name, last four digits of your member number, address, telephone number, and email address. Your exclusion or opt out request must be postmarked by _____, and sent to:

Behrens v. Landmark Credit Union Claims Administrator

Attn:

ADDRESS OF THE CLAIMS ADMINISTRATOR

| 17. | What happens if I opt out of the settlement? |
|---|---|

If you opt out of the settlement, you will preserve and not give up any of your rights to sue Landmark for the claims alleged in this case. However, you will not be entitled to receive a payment from this settlement.

| 18. | If I exclude myself, can I obtain a payment? |
|---|---|

No. If you exclude yourself, you will not be entitled to a payment.

## OBJECTING TO THE SETTLEMENT

| 19. | How do I notify the Court that I do not like the settlement? |
| --- | --- |

You can object to the settlement or any part of it that you do not like **IF** you do not exclude yourself or opt out from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you must send a written document to the Claims Administrator at the address below. Your objection should say that you are a Class Member, that you object to the settlement, and the factual and legal reasons why you object, and whether you intend to appear at the hearing. In your objection, you must include your name, address, telephone number, email address (if applicable) and your signature.

All objections must be post-marked <u>no later</u> than _____, and must be mailed to the Court as follows: United States District Court for the Western District of Wisconsin, 120 North Henry Street, Madison, Wisconsin 53707.

And to the Claims Administrator as follows:

| **CLAIMS ADMINSTRATOR** |
| --- |
| Behrens v. Landmark Credit Union Claims Administrator Attn: ADDRESS OF THE CLAIMS ADMINISTRATOR |
| mailto:thomas.davis@gardencitygr oup.com |

| 20. | What is the difference between objecting and requesting exclusion from the settlement? |
| --- | --- |

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it. You can object only if you do not opt out of the settlement. If you object to the settlement and do not opt out, then you are entitled to a payment if the settlement is approved, but you will release claims you might have against Landmark. Excluding yourself or opting out is telling the Court that you do not want to be part of the settlement, and do not want to receive a payment or release claims you might have against Landmark for the claims alleged in this lawsuit.

| 21. | What happens if I object to the settlement? |
| --- | --- |

If the Court sustains your objection, or the objection of any other Class Member, then there is no settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the settlement.

## THE COURT'S FAIRNESS HEARING

| | |
|---|---|
| **22.** | **When and where will the Court decide whether to approve the settlement?** |

The Court will hold a Final Approval or Fairness Hearing at _____ on _____ at the United States District Court for the Western District of Wisconsin, located at 120 North Henry Street, Madison, Wisconsin 53707. At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and expenses and how much the Named Plaintiff should get as a "Service Award" for acting as the class representative.

| | |
|---|---|
| **23.** | **Do I have to come to the hearing?** |

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

| | |
|---|---|
| **24.** | **May I speak at the hearing?** |

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 19, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## SUBMIT A CLAIM

| | |
|---|---|
| **25.** | **How do I make a claim if I received a Claim Form?** |

If you received a Claim Form, then you should use it to make a claim. It should be filled out and sent to the Claims Administrator:

UNIQUE CLAIM NUMBER TO BE PRE-PRINTED
Your Name
Your Address (not a post office box)
Your Telephone Number
Your e-mail address

Attn. Claims Administrator:

I am making a claim for _____ overdraft fees related to Regulation E Overdraft Fees for my account ending in the last three digits of _____. I certify that I believe this number is compensable under the Behrens v. Landmark Credit Union settlement.

Date: _____          [Signature]

All claims must be post-marked no later than _____, and must be mailed as follows:

| CLAIMS ADMINSTRATOR |
|---|
| Behrens v. Landmark Credit Union Claims Administrator<br>Attn:<br>ADDRESS OF THE CLAIMS<br>ADMINISTRATOR<br><br>mailto:thomas.davis@gardencitygr<br>oup.com |

## IF YOU DO NOTHING

| 26. | What happens if I do nothing at all? |
|---|---|

If you do nothing at all, and if the settlement is approved, then you may receive a payment that represents your share of the Settlement Fund net of attorneys' fees, Claims Administrator expenses, and the Named Plaintiff's Service Award. You will be considered a part of the class, and you will give up claims against Landmark for the conduct alleged in this lawsuit. You will not give up any other claims you might have against Landmark that are not part of this lawsuit.

## THE LAWYERS REPRESENTING YOU

| 27. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| 28. | Do I have to pay the lawyer for accomplishing this result? |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| 29. | Who determines what the attorneys' fees will be? |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for fees and costs and will specify the amount being sought as discussed above. You may review the fee application at [WEBSITE] or view a physical copy at the Office of the Clerk of the United States District Court for the Western District of Wisconsin, which is located at 120 North Henry Street, Madison, Wisconsin 53707.

## GETTING MORE INFORMATION

This Notice only summarizes the proposed settlement. More details are contained in the settlement agreement, which can be viewed/obtained online at [WEBSITE] or at the Office of the Clerk of the United States District Court for the Western District of Wisconsin, which is located at 120 North Henry Street, Madison, Wisconsin 53707, by asking for the court file containing the Motion For Preliminary approval of Class Settlement (the settlement agreement is attached to the motion).

For additional information about the settlement and/or to obtain copies of the settlement agreement, or to change your address for purposes of receiving a payment, you should contact the Claims Administrator as follows:

Danell Behrens v. Landmark Credit Union
Claims Administrator
ADDRESS OF THE CLAIMS ADMINISTRATOR

For more information you also can contact the Claims Administrator or Class Counsel as follows:

Behrens v. Landmark Credit Union Claims Administrator
Attn:
ADDRESS OF THE CLAIMS ADMINISTRATOR

Richard D. McCune
Jae (Eddie) K. Kim
McCune Wright Alevaro LLP
3281 E. Guasti Road, Ste. 100
Ontario, CA 91761
Telephone: (909) 557-1250
rdm@mccunewright.com

Taras Kick
The Kick Law Firm, APC
815 Moraga Drive
Los Angeles, CA 90049
Telephone: (310) 395-2988
Taras@kicklawfirm.com

*PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF LANDMARK CONCERNING THIS NOTICE OR THE SETTLEMENT*