IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DANELL BEHRENS,
Individually and on behalf of all those similarly
situated,

                          Plaintiff,                                    ORDER

        v.                                                          17-cv-101-jdp

LANDMARK CREDIT UNION,

                          Defendant.

---

Plaintiff Danell Behrens represents a class alleging that defendant Landmark Credit Union assessed overdraft fees in breach of contract and in violation of Regulation E of the Electronic Fund Transfer Act, 12 C.F.R. § 1005.17. The parties submitted a proposed class action settlement, Dkt. 30-1, and the court preliminarily approved the settlement and ordered notice to the class. Dkt. 41. Behrens moved for final approval of the settlement under Federal Rule of Civil Procedure 23(e). Dkt. 42. And on August 30, 2018, the court held a final fairness hearing. For the reasons discussed in the preliminary approval order and below, the court will grant the motion for final approval.

A.  Settlement

The parties agreed to a non-reversionary settlement fund of $950,000. Money will be taken out of the settlement fund to pay settlement administrator fees of $54,450, attorney's fees of $355,770.50, attorney's costs of $61,538.48, and a service award of $10,000 for the named plaintiff. This will result in a net settlement fund of $468,241.02.

The settlement includes two overlapping subclasses: the Regulation E subclass and the Sufficient Funds subclass. The net settlement fund will be divided in half—one half for each

subclass. Members of the Regulation E subclass were required to submit a claim form. But after all Regulation E claims have been fulfilled, all remaining funds will be added to the Sufficient Funds subclass's half of the net settlement fund and used to pay the Sufficient Funds subclass members. These class members will automatically receive payment via direct deposit into their bank account or, if a class member no longer banks at Landmark, by mailed check. More than 80 percent of the total class members are members of the Sufficient Funds subclass.

In addition to the settlement fund, Landmark also agrees to forgive $10,000 in uncollected overdraft fees and to change its business practices for three years. The estimated value of the prospective relief for class members is $876,321. When added together, the net settlement fund, forgiven fees, and prospective relief create a total value to the class of $1,324,562.02.

The court concludes that the parties' settlement is fair, reasonable and adequate under Federal Rule of Civil Procedure 23(e). No class member objected to this settlement, and only one class member opted-out. The total value to the class is equivalent to 63 percent of the class's total potential damages, and the net settlement fund alone is equivalent to just more than 22 percent of the total potential damages. As noted in the court's preliminary approval order, courts have approved settlement funds representing less than 20 percent of the total recovery. Dkt. 41, at 10 (citing *Kaufman*, 877 F.3d 276, at 284–86).

The service award for the class representative is also reasonable. Behrens assisted counsel, responded to discovery, sat for a deposition, and reviewed settlement proposals.

The court also approves the parties' choices of cy pres recipients. After administration of the settlement is complete, any funds still within the settlement administrator's possession will be evenly distributed to the two cy pres recipients: Public Citizen and United Way of

Milwaukee. When distribution of settlement funds to the class is infeasible, the funds may appropriately be distributed to a charity whose mission coincides with, or at least overlaps with, the interests of the class. *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 676 (7th Cir. 2013). Here, the only reason that money would remain in the administrator's possession, and therefore go to the cy pres recipients, is if a class member receives a paper check but fails to cash it. After receiving defense counsel's supplemental declaration in support of the United Way as a cy pres recipient, Dkt. 53, the court is satisfied that both charities have missions that coincide with the interests of the class.

**B. Attorney's Fees**

Class counsel seeks $355,770.50 in attorney's fees and $61,538.48 in expenses. Dkts. 44–45; Dkt. 46, at 13–17. As explained above, this settlement provides a total value to the class of $1,324,562.02. Thus, counsel seeks fees equivalent to a 21.2 percent contingency fee. *See Redman v. RadioShack Corp.*, 768 F.3d 622, 630 (7th Cir. 2014) ("The ratio that is relevant to assessing the reasonableness of the attorneys' fee that the parties agreed to is the ratio of (1) the fee to (2) the fee plus what the class members received"). The expenses represent the actual, reasonable costs that class counsel incurred in this litigation.

Because there is no adverse party with an incentive to challenge the requested fees, the court has the duty to ensure that the fees paid to class counsel are appropriate. *Id.* at 629. The compensation to class counsel should approximate the market value of their work. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). Generally speaking, for plaintiff-side class action work, that will be a percentage of the class recovery rather than a lodestar calculation based on the work expended on the case. But the lodestar calculation provides a

3

useful check on percentage recovery, because it reflects an important consideration on the supply side of the market for attorneys taking contingent fee cases.

At the final fairness hearing, the court asked class counsel to submit documents that would allow the court to conduct a lodestar calculation and to analyze whether counsel's fees approximate the market value of their work. Class counsel filed a supplement that included the timesheets for The Kick Law Firm and McCune Wright Arevalo. Dkt. 54-1; Dkt. 54-2. Class counsel also filed an expert declaration in support of their fees. Dkt. 54-3. Based on these supplemental filings, the court concludes that counsel's billing rates are high, but still within the market rate for litigation in California. However, class counsel has not provided evidence regarding whether its hourly rates are within the market rate for litigation in Wisconsin. So the court is not entirely convinced that class counsel's hourly rate is within the standard market rate.

But the lodestar is merely a check against the reasonableness of the contingency fee. The lodestar itself is not decisive, because it does not reflect the risk premium to which counsel are entitled when they take a case with an uncertain promise of recovery. In this case, the contingency fee is well within the market rate for contingency fees. *See Gaskill v. Gordon*, 160 F.3d 361, 362 (7th Cir. 1998) (Noting that the typical contingent fee is between 33 and 40 percent). And class counsel's filings are sufficient to show that counsel is not receiving an unjustified windfall. So the court will approve the requested attorney's fees.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for final approval of the settlement agreement, Dkt. 42, is GRANTED and the parties are directed to carry out the settlement agreement's terms and provisions.

2. The incentive payment of $10,000 to the class representative, Danell Behrens, is APPROVED.

3. Class counsel's petition for $355,770.50 in attorney's fees and $61,538.48 in costs is GRANTED.

4. The parties' choice of cy pres recipients, Public Citizen and United Way of Milwaukee, are APPROVED.

5. Settlement payments to class members, as provided in the Settlement Agreement, are APPROVED.

6. This case is DISMISSED on the merits with prejudice. The clerk of court is directed to close this case subject to reopening upon good cause shown

Entered September 11, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge